# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **JAMES A. LEWIS, SR., et al.** | : | **NO.  15-5425** |
| | : | |

**KEARNEY, J.**                                                              **February 26, 2016**

## MEMORANDUM

Debtors appeal from two Orders by the Bankruptcy Court granting secured lender TruMark Financial Credit Union relief from automatic stay on each of two mortgages held by TruMark on the debtors' home.  The Bankruptcy Court provided an opportunity to resolve the issue even though the agreed reorganization plan required the court to enter judgment upon default.  Debtors admitted a default before the court but could not reach an alternative agreement resolving Trumark's concerns.   Under the agreed reorganization plan and following two hearings, the experienced bankruptcy court judge lifted the automatic stay to allow TruMark to pursue its state court foreclosure remedies. After reviewing the record below, we find the Bankruptcy Court did not abuse its discretion and we affirm its September 14, 2015 Orders modifying the automatic stay as to debtors' property and permitting TruMark to exercise applicable state court remedies with respect to the first and second mortgages on the property.

*Background*

Debtors James A. Lewis, Sr. and Lena D. Lewis ("Debtors") filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code on April 23, 2013.   After multiple

amendments to their initial proposed reorganization plan, Judge FitzSimon confirmed Debtors'

Fifth Amended Chapter 13 Plan ("the Plan").  Debtors and secured mortgage lender TruMark

Financial Credit Union ("TruMark") approved the Plan.

In relevant part, the Plan provides:

3.      **REAL PROPERTY INTEREST**

E.      The Debtors have two mortgages on their property at 20 East
Abbey Drive, Townsend, DE 19734 (the "Home").   The Debtors have submitted
a loan modification application to the secured lender, TruMark Financial Credit
Union ("TruMark"), under which they seek to have arrears on both home equity
loans/mortgages capitalized into the principal balance(s) and resume regular
monthly payments directly to TruMark …

…In the event that any monthly mortgage payments are not made within
any grace period provided for under the loan documents, TruMark may send
notice of default to Debtors . . . If the default is not cured within ten (10) days,
TruMark may file a Certification of Default with the Court, and the Court will
enter an Order granting relief from the automatic stay to TruMark and from the
fourteen (14) day stay pursuant to Bankruptcy Rule 4001(a)(3), without the need
for TruMark to file any motion for relief from the automatic stay. …

(R. 29). [1]

Debtors did not make all mortgage payments as required, and on March 9, 2015,

TruMark sent a ten (10) day notice of right to cure the default contemplated under Section 3(E)

of the Plan. (R. 48, 58). Debtors failed to cure and on March 25, 2015, TruMark filed the

required Certifications of Default.  (R. 38, 49). Debtors contend they made *some* payments

required by the Plan, but do not dispute they failed to make *all* payments due.  (R.94) Debtors

also do not dispute they failed to cure the default after TruMark's ten (10) day notice.  *Id.*

Neither the Plan nor any rule cited by Debtors contemplates further action by the

Bankruptcy Court before entry of an Order granting relief from the stay.  Nevertheless, Debtors

---

[1] "R.__" refers to bates number pages in the Bankruptcy Court record designated by Debtor on
this appeal.

filed Objections to the Certificate of Default and Judge Raslavich entertained discussion on Debtors' objections on June 10, 2015. Debtors proposed a supplemental reorganization plan even though the existing Plan did not require the Court to consider any supplemental proposal.

Debtors' proposed to provide TruMark additional collateral or alternatively to obtain additional financing on a purportedly unencumbered property located at 1543 Page Street, in order to cure their default. Judge Raslavich continued the matter until August, to permit the parties time to investigate the proposal. During the reconvened hearing on August 12, 2015, Judge Raslavich determined Debtors and counsel had been disingenuous to the Court at the June 2015 hearing concerning the payment of real estate taxes. The Debtors and Trumark could not agree on a new proposal. Enforcing the parties' agreement evidenced in the Plan, he granted TruMark its requested relief from the automatic stay. [2]

## Analysis

The parties' confirmed plan of reorganization is construed according to contract principles. *In re Shenango Grp. Inc.*, 501 F.3d 338, 344 (3d Cir. 2007). The plain language of the Plan states upon failure to make payments thereunder, TruMark could (1) send a notice of default; (2) file a Certificate of Default if Debtors did not cure within ten (10) days; and (3) upon the filing the Certificate of Default, the Court *will enter an Order granting relief from the automatic stay to TruMark.* (R. 29, Ch. 13 Plan, §3E.)

Notwithstanding the Plan's clear language authorizing the Bankruptcy Court to modify the automatic stay under these circumstances, Judge Raslavich elected to permit the parties an

---

[2] Even though the September 14, 2015 Orders do not finalize the bankruptcy proceedings, an order lifting an automatic stay as to a particular piece of property is a final order because it "ends this particular controversy" between debtor and creditor. *In re Comer,* 716 F.2d 168, 172 (3d Cir.1983).

opportunity to amicably resolve their dispute.  Holding a hearing to resolve the issues is within the Bankruptcy Court's discretion and we do not construe such a hearing as expanding rights otherwise afforded the parties. *In re Behrens*, 501 B.R. 351, 356 (Bankr. 8th Cir. 2013).

A decision to modify, condition or annul the bankruptcy stay under 28 U.S.C. §362(d) is committed to bankruptcy court discretion and is to be determined by examining the totality of the circumstances.  *In re Brown*, 311 B.R. 409, 412 (E.D. Pa. 2004).  We review a bankruptcy court order modifying an automatic stay for abuse of discretion.  *In re Myers,* 491 F.3d 120, 128 (3d Cir.2007) (citations omitted); *see also In re Gray,* No. 11-4594, 2012 WL 515878, *3 (E.D. Pa. Feb. 16, 2012).

Upon extensive review of the Bankruptcy Court record, we find no abuse of discretion by the Bankruptcy Court in upholding the Plan and lifting the automatic stay. Debtors filed Objections to the Certification of Default and the Bankruptcy Court held a hearing in June 2015. The Plan did not require this June 2015 hearing.  The court's willingness to attempt further negotiation does not negate the plain language of the parties' agreement authorizing entry of an order granting relief from the automatic stay to TruMark.   The Plan specifically states upon Debtor's failure to make "any monthly mortgage payments … Tru Mark may send notice of default to Debtors" and "[i]f the default is not cured within ten (10) days, TruMark may file a Certification of Default with the Court, and the Court will enter an Order granting relief from the automatic stay to TruMark." (emphasis added).

The Bankruptcy Court provided two opportunities to avoid the remedy Debtors agreed in the Plan.   If anything, the Bankruptcy Court provided at least the courtesy of continuing the June 2015 hearing on lifting the stay to allow the parties to explore an alternative resolution. The Bankruptcy Court relied upon counsel's June 2015 representation of paid real estate taxes

only to find out later the representation was not accurate.   When the parties could not amicably reach an alternative resolution at the August 2015 hearing, the Bankruptcy Court properly exercised its discretion to enforce the Plan terms.   The September 14, 2015 Orders are not an abuse of discretion and we affirm the Bankruptcy Court in the accompanying Order.